FILED

2013 Sep-18  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALONZO LEWIS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| **v.** | } | |
| | } | |
| **D.J. GUY, an individual; DALLAS** | } | **CASE NO. 2:12-cv-2250-SLB** |
| **BLAKENEY, an individual, and others** | } | |
| **from UNITED STATES STEEL** | } | |
| **FAIRFIELD, AL.; UNITED STATES** | } | |
| **STEEL CORPORATION,** | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OF OPINION**

This case is currently before the court on defendant United States Steel Corporation's ("U.S. Steel") Motion to Dismiss, (doc. 4),[1] brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Although the court finds U.S. Steel's arguments meritorious, the Motion to Dismiss is due to be denied with the right to refile because the court will afford plaintiff an opportunity to replead his claims against U.S. Steel.

**I.  STATEMENT OF FACTS**

Plaintiff Alonzo Lewis ("plaintiff"), proceeding *pro se*, filed this action against U.S. Steel and certain U.S. Steel employees on June 22, 2012, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act, 42

---

[1]  Reference to a document number, ["Doc. ____"], refers to the number assigned to each document as it is filed in the court's record.

U.S.C. § 12101 *et seq*. ("ADA").  (Doc. 1 at 9-10.)  Plaintiff's claims arise from his participation in and dismissal from U.S. Steel's Electronic Technician Training Program ("the Training Program"). (*Id*.)

U.S. Steel hired plaintiff as a Grade 1 Laborer in June of 2006.  (*Id*. at 9.)  On April 11, 2010, plaintiff was selected for the Training Program which was supervised by defendant D.J. Guy ("Guy").  (*Id*.)  He was the only African American selected for the Training Program.  (*Id*.)  Shortly thereafter, plaintiff informed Guy that he suffers from an apparent disability, although plaintiff does not identify the particular disability in the Complaint.   (*Id*.)  In Count I, plaintiff asserts Title VII claims for racial discrimination and harassment because Guy, a white male, subjected him to "harassment, intimidation, and verbal abuse" in the presence of other employees, and Guy did not subject white employees to similar treatment.  (*Id*.)  In Count II, plaintiff asserts an ADA discrimination claim because Guy "accused [plaintiff] of ignoring him" on one occasion.  (*Id*. at 10.)  In Count III, plaintiff brings Title VII and ADA retaliation claims because Guy and an unnamed Program Director dismissed plaintiff from the Training Program.  (*Id*.)

On February 28, 2013, U.S. Steel filed the instant Motion to Dismiss, (doc. 4), on its behalf alone, arguing that plaintiff's claims are due to be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The other defendants remain unserved.

## II. <u>STANDARD OF REVIEW</u>

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to evaluate the facial sufficiency of the pleading.   Rule 12(b)(6) must be read together with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotations omitted).   The Supreme Court has explained that the pleading requirement of Rule 8(a)(2) "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   A complaint satisfies Rule 8(a)(2)'s pleading requirement and withstands a Rule 12(b)(6) motion to dismiss if it contains "***sufficient factual matter***, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (emphasis added) (quoting *Twombly*, 550 U.S. at 570) (internal quotations omitted).   A claim for relief has "facial plausibility" if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," and, therefore, the court will construe the Complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also*

Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Nevertheless, *pro se* litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. *GJR Investments, Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

## III. DISCUSSION

Even construing the Complaint generously, as the court must, the Complaint does not meet the minimal pleading standard of Rule 8(a)(2). With respect to his race discrimination claim in Count I, plaintiff has not alleged facts plausibly demonstrating that U.S. Steel subjected him to an adverse employment action because of his race. *See* 42 U.S.C. § 2000e–2(a). An adverse employment action is one that seriously and materially alters the terms, privileges, or conditions of the plaintiff's employment, such as termination or demotion, *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001), and Count I sets forth no facts remotely suggesting that Guy's alleged mistreatment caused a tangible alteration in plaintiff's employment terms or conditions. Count III, which plaintiff frames as a retaliation claim, does state that Guy and an unnamed Project Manager dismissed him

from the Training Program based on his race.  (Doc. 1 at 10.)  Assuming Count III is better suited as a discrimination claim, the Complaint does not contain any factual basis for inferring that plaintiff's dismissal was racially motivated.  The only allegation conceivably relating to racial animus is that Guy subjected plaintiff to "harassment, intimidation, and verbal abuse" and "[Guy] did not do this with white males."  (*Id.* at 9.)  Not only is this generalized allegation precisely the type of "formulaic recitation of [an] element[] of a cause of action" that the Supreme Court has deemed inadequate under Rule 8(a)(2), *Twombly*, 550 U.S. at 555, but plaintiff has presented no facts that these unnamed comparators are similarly situated, *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012) (providing that a prima facie case of discrimination generally requires establishing the following elements: "[1] the plaintiff was a member of a protected class, [2] [he] was qualified to do the job, [3] [he] was subjected to an adverse employment action, and [4] ***similarly situated*** employees outside of the protected class were treated differently" (emphasis added)).

Likewise, with respect to the harassment/hostile work environment claim in Count I, plaintiff has not pleaded facts plausibly demonstrating that U.S. Steel subjected him to a hostile or abusive work environment based on his race.  To state a hostile work environment claim,

> [plaintiff is] required to allege that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (citations omitted).  Whether

harassment is severe or pervasive enough to alter an employee's terms or conditions of employment depends upon "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (citing *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 647 (11th Cir. 1997)). The Complaint, however, does not describe Guy's alleged "harassment, intimidation, and verbal abuse" in any way, much less that it was frequent, humiliating, or interfered with plaintiff's job performance. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The ADA discrimination claim contained in Count II falls even shorter of Rule 8(a)(2)'s pleading standard. A plaintiff states a prima facie case of disability discrimination by alleging that: (1) "he has a disability"; (2) "he is qualified to serve [in his position], with or without some reasonable accommodation by the [employer], despite his disability"; and (3) "he has suffered an adverse employment action because of his disability (*i.e.*, that he has suffered employment discrimination)." *Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998) (citation omitted). Plaintiff has presented no facts plausibly showing that his impairment qualifies as a "disability" within the meaning of the ADA. The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such impairment." 42 U.S.C. §12102(1). Not only

does plaintiff not identify his alleged impairment, the Complaint does not provide any details describing its nature or how it affects his major life activities. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998) ("[T]he mere existence of a physical impairment does not constitute a disability under the ADA[.]"). Further, the alleged discrimination – that "Guy accused [plaintiff] of ignoring him" on one occasion – does not constitute an adverse employment action as a matter of law. *See Davis*, 245 F.3d at 1239 (an adverse employment action affects the "terms, conditions, or privileges" of an individual's employment "in a real and demonstrable way"). To the extent that plaintiff asserts an ADA discrimination claim based on his dismissal from the Training Program, that claim has been inadequately plead. The Complaint is devoid of factual matter suggesting that his dismissal was related to his alleged disability.

The allegations supporting the Title VII and ADA retaliation claims in Count III are equally deficient. To state a claim for retaliation under Title VII or the ADA, a plaintiff must allege that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection between the plaintiff's participation in protected activity and the adverse employment action exists. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (citations omitted). "A plaintiff engages in statutorily protected activity when [he] opposes an employment practice that [he] has a good faith, reasonable basis to believe is unlawful." *Diamond v. Morris, Manning & Martin, LLP*, 457 F. App'x 844, 846 (11th Cir. 2012) (citation omitted); *see* 42 U.S.C. § 2000e-3(a) (Title VII anti-retaliation provision); 42 U.S.C. § 12203(a) (ADA

anti-retaliation provision).  Here, plaintiff does not allege that he participated in activity protected under either statute, "such as opposing an unlawful employment practice or participating in proceedings against his employer." *Biniashvili v. Bohne*, 397 F. App'x 597, 599 (11th Cir. 2010). To that end, plaintiff also has not alleged facts plausibly demonstrating a casual link between any protected activity and his dismissal from the Training Program.

Having found U.S. Steel's Motion to Dismiss meritorious, the only question remaining is whether plaintiff's claims against U.S. Steel should be dismissed or whether the court should allow plaintiff the opportunity to replead.  In *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), the Eleventh Circuit stated that district courts should give plaintiffs at least one opportunity to amend their complaint before dismissing it if "it appears a more carefully drafted complaint might state a claim upon which relief can be granted."  The Eleventh Circuit partially overruled this holding in *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), wherein the court announced that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  However, the *Wagner* decision "did not disturb [the holding] in *Bank* with respect to a *pro se* litigant's right to amend."  *Edwards v. Fernandez-Rundell*, 512 F. App'x 996, 997 (11th Cir. 2013) (citing *Wagner*, 314 F.3d at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding pro se.")).

In light of plaintiff's *pro se* status, the court will afford plaintiff the opportunity to replead its

claims against U.S. Steel in a manner that comports with the pleading requirements set forth above. The court declines to dismiss these claims without prejudice because the statute of limitations, at least with respect to plaintiff's Title VII claims, has expired, and a dismissal without prejudice would be tantamount to dismissing these claims with prejudice.

## VI.  CONCLUSION

Based on the foregoing, the court finds that U.S. Steel's Motion to Dismiss, (doc. 4), is due to be denied with the opportunity to refile.  An order denying the Motion to Dismiss and allowing plaintiff an opportunity to replead his claims against U.S. Steel will be entered contemporaneously herewith.

Done this 18th day of September, 2013.

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE