FILED

2014 Aug-18  PM 12:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ALONZO LEWIS,** } | |
| } | |
| **Plaintiff,** } | |
| **v.** } | |
| } | |
| **D.J. GUY, an individual; DALLAS** } | **CASE NO. 2:12-cv-2250-SLB** |
| **BLAKENEY, an individual, and** } | |
| **others from UNITED STATES** } | |
| **STEEL FAIRFIELD, AL.; UNITED** } | |
| **STATES STEEL CORPORATION,** } | |
| } | |
| **Defendants.** } | |

### MEMORANDUM OPINION

This case is currently before the court on defendant United States Steel Corporation's ("U.S. Steel") Motion to Dismiss Amended Complaint, (doc. 14),[1] plaintiff's response in opposition (styled as "Brief in Support of Motion for Continuance of Case"), (doc. 18), which the court will follow U.S. Steel's lead in treating as a motion for leave to file a second amended complaint, and U.S. Steel's Reply in Support of Motion to Dismiss, (doc. 19). The court finds that U.S. Steel's Motion is due to be granted in part and denied in part.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## **PROCEDURAL HISTORY**

Plaintiff Alonzo Lewis ("plaintiff"), proceeding *pro se*, filed this action against U.S. Steel and certain U.S. Steel employees, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). (Doc. 1 at 9-10.) Plaintiff's claims arise from his participation in and dismissal from U.S. Steel's Electronic Technician Training  Program ("the Training Program"). (*Id*.) U.S. Steel filed a Motion to Dismiss, (doc. 4),  which the court found meritorious. (*See* doc. 11.) However, in light of plaintiff's *pro se* status, the court afforded plaintiff the opportunity to replead his claims. In its Memorandum Opinion, the court explained in depth why the Complaint did not allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted). The court gave plaintiff the chance to amend his complaint so that, if possible, he could file an amended complaint that complied with the Federal Rules of Civil Procedure.

Plaintiff filed an Amended Complaint, (doc. 13),[2] which alleges the following:

1.      Plaintiff wears hearing aids.

---

[2]Summarized, the factual allegations in the original Complaint are: that plaintiff is a black man with an "apparent [d]isability"; that his white supervisor ("D.J. Guy") was aware of his "apparent disability" and accused plaintiff of ignoring him; that Guy subjected him to "[v]erbal [a]buse" and "[i]ntimidation"; and that Guy and the "Program Director" removed him from the "Electronic Technician Training Program." (*See* doc. 1.)

2.      He "filed a complaint"[3] while in "the Training Program." (Doc. 13 at 2.)

3.      Afterward, he was "harassed even more": his white supervisor ("D.J. Guy")
        told him that Guy "had been talking to [the director of the program] about
        [plaintiff]," that "it appears [plaintiff] already ha[d] a few problems," and that
        Guy did not "think [plaintiff] [was] going to make it in the program." (*Id*. at
        1-2.)

4.      On certain "occasions" plaintiff asked Guy to repeat instructions, and Guy
        responded "I'll get back with you," but then did not. (*Id*. at 2.)

5.      Although the rules of the program had originally allowed students to
        "remediate" failed tests, the students were told in October 2010, during the
        "middle of [the] course program outline," that "the rules had changed." (*Id*.
        at 2.)

6.      Plaintiff "failed a test after these instructions" and was denied his request to
        "remediate" by the program director. (*Id*.)

7.      Plaintiff did not receive certain pay incentives.

(*See* doc. 13.)

---

[3]The substance and form of this "complaint" is not alleged, but attached to the
original Complaint is an Equal Employment Opportunity Commission charge of
discrimination filed September 2, 2010, in which plaintiff alleged that Guy discriminated
and retaliated against him because of his race, his disability, and because he protested his
treatment. (*See* doc. 1 at 13.)

The Amended Complaint seeks as relief "all [p]ay that [plaintiff] did not receive as a Learner in the M T E program, as well as all incentives due to [plaintiff] from that time, that [he] did not receive until now[.]" (*Id.*)

Plaintiff's "Brief in Support of Motion for Continuance of Case," (doc. 18), filed June 16, 2014, adds the following factual allegations:

1.     Plaintiff "signed a [c]ontract with U.S. Steel stating that 'while in the Training program, Trainees will receive the Level 3 Grade Pay.'" (*Id.* at 3.) He was never paid this. (*Id.* at 6.)

2.     His immediate supervisor (Guy) harassed him with "unjustified negative evaluations and unjustified negative conclusions." Any time he was in Guy's presence, Guy would tell him, "Alonzo you're not going to make it! You are not the caliber of material to make it!" (*Id.* at 4.)

3.     Because of this harassment, plaintiff "filed a complaint against [Guy] at work and at the E.E.O.C." (*Id.*)

4.     On October 4, 2010, the program director told everyone in the class that "all Trainees[ w]ill only get one chance to remediate through the entire course." (*Id.* at 5.)

5.     In late October 2010, after he failed the test, the program director told him that he was removing plaintiff from the program; plaintiff asked why, since he had not been given his "'one chance' to remediate"; the director responded,

4

"Alonzo, you failed the test earlier in the Program, so you have already had your one time to remediate"; plaintiff responded, "This is not right! It's not fair! Is it because I am an African American/Black[?]" (*Id*.)

6.    The program director told plaintiff that if he "t[ook] the Math Course on [his] own ([his] own pay) and pass[ed] with a good grade, [he] would be re-entered back into the Maintenance Training Program immediately." (*Id*. at 4.)

7.    Plaintiff enrolled at Bessemer State Technical College, took "the Math Course and maintained an 'A' average, but was denied re-entry back into the Maintenance Program." (*Id*.)

Plaintiff requests as relief compensatory and punitive damages, and "the Level (3) pay Grade per U S .Steel, [sic]." (*Id*. at 6-7.)

## STANDARD OF REVIEW

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to evaluate the facial sufficiency of the pleading.   Rule 12(b)(6) must be read together with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotations omitted).   The Supreme Court has explained that the pleading requirement of Rule 8(a)(2) "does not require 'detailed factual allegations,' but it demands more than an unadorned,

5

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint satisfies Rule 8(a)(2)'s pleading requirement and withstands a Rule 12(b)(6) motion to dismiss if it contains "***sufficient factual matter***, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (emphasis added) (quoting *Twombly*, 550 U.S. at 570) (internal quotations omitted).  A claim for relief has "facial plausibility" if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," and, therefore, the court construes the pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Nevertheless, *pro se* litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard.  *GJR Investments, Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of

6

court, including the Federal Rules of Civil Procedure").

## **DISCUSSION**

Taking a lead from defendant, (*see* doc. 19 at 2 n.1), the court will treat plaintiff's June 16, 2014 filing, (doc. 18), as both a motion for leave to amend, which the court will treat as granted, and a proposed Second Amended Complaint. Even construing this Second Amended Complaint generously and in conjunction with the Amended Complaint,[4] (doc. 13), it does not meet the minimal pleading standard of Rule 8(a)(2) with respect to any claim except for two: retaliation in violation of Title VII and retaliation in violation of the ADA. Plaintiff alleges no new facts which remedy any of the other concerns the court identified at length in its previous Memorandum Opinion. (*See* doc. 11).

The Second Amended Complaint does not contain any factual basis for inferring that plaintiff's dismissal from the Training Program was racially motivated. Likewise, with respect to the harassment/hostile work environment claim, plaintiff still has not pleaded facts plausibly demonstrating that U.S. Steel subjected him to a hostile or abusive work environment *based on his race*. Further, the alleged discrimination allegedly forming an ADA discrimination or hostile work environment claim—that on certain "occasions" plaintiff asked Guy to repeat instructions, and Guy responded "I'll get back with you," but then did not, (doc. 13 at 2)—does not constitute an adverse employment action as a matter of law. *See Davis*, 245 F.3d at 1239 (an adverse employment action affects the "terms, conditions,

---

[4]Hereinafter, a reference to plaintiff's "Second Amended Complaint" means the allegations in documents 13 and 18, as summarized above by the court.

or privileges" of an individual's employment "in a real and demonstrable way"). To the extent that plaintiff asserts an ADA discrimination claim based on his dismissal from the Training Program, that claim has been inadequately plead. The Complaint is devoid of factual matter suggesting that his dismissal was related to his alleged disability. In *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), the Eleventh Circuit stated that district courts should give plaintiffs at least one opportunity to amend their complaint before dismissing it if "it appears a more carefully drafted complaint might state a claim upon which relief can be granted." Having already given plaintiff now two opportunities to amend his complaint with regard to these claims, the court will dismiss these claims with prejudice.

However, plaintiff's allegations state a claim for Title VII and ADA retaliation. To state a claim for retaliation under Title VII or the ADA, a plaintiff must allege that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection between the plaintiff's participation in protected activity and the adverse employment action exists. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (citations omitted). U.S. Steel "concedes that Mr. Lewis has come much closer to stating a claim for retaliation" than for other claims, but argues first, that plaintiff gives no information as to the nature of the workplace complaint he alleges he filed against Guy, and second, that his allegations do not "rise to the level of plausibility" because they do not include the allegation that Guy knew of plaintiff's protected activity or cooperated with the program director in denying him readmission into the training program. (Doc. 19 at 5-6.)

While it is true, as defendant argues, (doc. 19 at 5-6), that plaintiff gives no information as to the nature of the workplace complaint that he says he filed against Guy, his September 2, 2010 EEOC charge states that he was discriminated against on the basis of his race, disability, and retaliated against "for protesting discriminatory employment practices by management" in violation of Title VII and the ADA. (Doc. 1 at 13.) Regardless of whether he filed a previous complaint which could be considered protected activity, the filing of his EEOC charge is clearly protected activity. His alleged removal from the Maintenance Training Program occurred a month later, in October 2010. Therefore, for purposes of ruling on the Motion to Dismiss, the court will assume that plaintiff engaged in activity protected by Title VII and the ADA.

U.S. Steel's second argument reads plaintiff's allegations too narrowly. Guy's knowledge and his participation in removing plaintiff from the training program and denying him readmission can be reasonably inferred, at least at the motion to dismiss stage, from the allegation that shortly after plaintiff filed a complaint (with the EEOC), Guy told plaintiff that Guy "had been talking to [the director of the program] about [plaintiff]," that "it appears [plaintiff] already ha[d] a few problems," that Guy did not "think [plaintiff] [was] going to make it in the program," and from the fact that plaintiff was soon after removed from the training program and denied readmission. (Doc. 13 at 1-2.) Therefore, plaintiff's complaint states sufficient facts to withstand defendant's Motion to Dismiss; in other words, at the motion to dismiss stage, sufficient facts are alleged to infer a causal connection between

protected activity and the adverse employment action.

This action thus consists of only two claims: retaliation under Title VII and the ADA based on his EEOC complaint.

## **CONCLUSION**

The court finds that U.S. Steel's Motion to Dismiss Amended Complaint, (doc. 14), is due to be granted insofar as all claims are due to be dismissed with prejudice except for plaintiff's claims for retaliation in violation of Title VII and the ADA. An order in accordance with this Opinion will be entered contemporaneously herewith.

**DONE** this 18th day of August, 2014.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE